UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

SAMUEL B MINTNER,

          Plaintiff,

   v.                                                      Case No. 24-cv-0427-bhl

MILWAUKEE ELECTRIC TOOL CORPORATION,

          Defendant.

---

## SCREENING ORDER

---

On April 10, 2024, Plaintiff Samuel B. Mintner, proceeding pro se, filed a complaint against Defendant Milwaukee Electric Tool Corporation (Milwaukee Tool). (ECF No. 1.) That same day, he filed a motion for leave to proceed without prepayment of the filing fee. (ECF No. 2.) The Court has authority to allow a litigant to proceed IFP if it determines that (1) the litigant is unable to pay the costs of commencing the action and (2) the action is not frivolous, does not fail to state a claim, and is not brought against an immune defendant. *C.f.* 28 U.S.C. § 1915(a)(1), (e)(2). The Court will consider each of these issues in turn.

### THE MOVANT'S INDIGENCY

Mintner states that he is employed and unmarried with no dependents. (ECF No. 2 at 1.) He started a job at the U.S. Department of Treasury's Internal Revenue Service (IRS) last September, where he makes $2,700 per month after taxes. (*See id.* at 2, 4.) Prior to starting at the IRS, he had been unemployed for over a year. (*Id.* at 4.) Against this monthly income, Mintner pays $800 in rent, $300 in credit card payments, $500 in household expenses, $200 in student loans, and $100 for his share of his parents' home insurance, for total monthly expenses of $1,900. (*Id.* at 2–3.) He also owns his parents' 1996 LS 400 car, worth approximately $2,000. (*Id.* at 3.) Mintner's prior unemployment notwithstanding, on this record, the Court cannot make a finding of indigency. His income exceeds his expenses by a fair amount and he owns additional surplus assets. If he wishes to proceed with his case, he must pay the required filing fee in full.

## SCREENING THE COMPLAINT

In screening a *pro se* complaint, the Court applies the liberal pleading standards embraced by the Federal Rules of Civil Procedure. To survive screening, the complaint must comply with the Federal Rules and state at least plausible claims for which relief may be granted. To state a cognizable claim, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted). If the complaint fails to allege sufficient facts to state a claim on which relief may be granted, it must be dismissed. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018 (7th Cir. 2013).

## ALLEGATIONS OF THE COMPLAINT

Mintner states that he started working at Milwaukee Tool on September 27, 2021 as an Engineering Technician. (ECF No. 1 at 2.) As an engineering technician, Mintner monitored "a group of Black temporary employees." (*Id.*) He witnessed Milwaukee Tool's managerial staff refer to these employees as "the brothers" and "spooks" as well as "generally ma[d]e fun of them based on their race." (*Id.*) Managerial staff also told Mintner to not socialize with these workers; instead, to discipline them. (*Id.*) A few weeks after Mintner started working at Milwaukee Tool, in mid-October 2021, Mintner told his manager that he felt it was inappropriate to discipline the

Black employees and to forbid socializing with them. (*Id.* at 2–3.) A few weeks after that, on November 1, 2021, Milwaukee Tool fired Mintner. (*Id.* at 3.) He received a "right to sue" letter from the U.S. Equal Employment Opportunity Commission on January 23, 2024. (ECF No. 1-1.)

Mintner claims he was discriminated against by Milwaukee Tool based on his association with the Black employees and in retaliation for engaging in protected activity in violation of Title VII of the Civil Rights Act of 1964. (*Id.*) He requests monetary compensation or reinstatement at his position at Milwaukee Tool. (*Id.* at 4.)

## ANALYSIS

Title VII protects people not just from job discrimination, but also from retaliation for complaining about the types of discrimination it prohibits, including race discrimination. *See Miller v. Am. Fam. Mut. Ins. Co.*, 203 F.3d 997, 1007 (7th Cir. 2000). For purposes of screening, Mintner has stated a claim under Title VII. He has alleged that he engaged in statutorily protected activity (complaining about race discrimination), that he suffered an adverse action by his employer (his termination), and that there was a causal link between the protected expression and the adverse job action. *See Dey v. Colt Const. & Dev. Co.*, 28 F.3d 1446, 1457 (7th Cir. 1994). Therefore, if Mintner timely pays the civil action filing fee, he may proceed on his Title VII claim.

## CONCLUSION

**IT IS HEREBY ORDERED** that Mintner's motion for leave to proceed without prepayment of the filing fee, ECF No. 2, is **DENIED**. Because the Court finds that Mintner is not indigent, Mintner must pay the full filing fee within **21 days** of the date of this order. If Mintner fails to timely pay the full filing fee, his case will be dismissed.

Dated at Milwaukee, Wisconsin on April 16, 2024.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge