UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SAMUEL B MINTNER,

        Plaintiff,

  v.

        Case No. 24-cv-0427-bhl

MILWAUKEE ELECTRIC TOOL CORPORATION,

        Defendant.

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS

    Plaintiff Samuel Mintner has filed a *pro se* employment discrimination complaint against Defendant Milwaukee Electric Tool Corporation (Milwaukee Tool). He claims that Milwaukee Tool wrongfully terminated his employment after he complained to his manager about discriminatory practices at the company. He asserts two claims for employment discrimination under Title VII of the Civil Rights Act of 1964 (Title VII). First, he contends Milwaukee Tool discriminated against him based on his association with Black co-employees (Mintner is not Black). Second, he claims Milwaukee Tool illegally retaliated against him for voicing his opposition to the company's discriminatory practices. Milwaukee Tool moves to dismiss both claims on procedural and substantive grounds. Because Milwaukee Tool has not identified any valid procedural impediment to Mintner's complaint and because he plausibly alleges Title VII violations, Milwaukee Tool's motion is denied.

## BACKGROUND[1]

    On September 27, 2021, Mintner started working at Milwaukee Tool as an Engineering Technician. (ECF No. 1 at 2.) In this role, Mintner monitored "a group of Black temporary employees." (*Id.*) He witnessed Milwaukee Tool's managerial staff refer to these employees as "the brothers" and "spooks;" the managers "generally [made] fun of [the Black employees] based on their race." (*Id.*) Managerial staff also told him to not socialize with the Black workers; instead,

---

[1] This Background section is derived from Mintner's complaint, (ECF No. 1), the allegations in which are presumed true for purposes of the motion to dismiss. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554–56 (2007).

he was instructed to discipline them. (*Id.*) A few weeks after Mintner started working at Milwaukee Tool, he told his manager that he felt it was inappropriate to discipline Black employees and to refrain from socializing with them. (*Id.* at 2–3.) A few weeks after that, on November 1, 2021, Milwaukee Tool fired Mintner. (*Id.* at 3.) He received a right to sue letter from the U.S. Equal Employment Opportunity Commission (EEOC) on January 23, 2024, (ECF No. 1-1), and filed his complaint in this Court on April 10, 2024.

## LEGAL STANDARD

When deciding a Rule 12(b)(6) motion to dismiss, the Court must "accept all well-pleaded facts as true and draw reasonable inferences in the plaintiff['s] favor." *Roberts v. City of Chicago*, 817 F.3d 561, 564 (7th Cir. 2016) (citing *Lavalais v. Village of Melrose Park*, 734 F.3d 629, 632 (7th Cir. 2013)). A complaint must contain a "short and plain statement of the claim showing that [the plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). *Pro se* pleadings are held to a less stringent standards and are thus read liberally. *Smith v. Dart*, 803 F.3d 304, 309 (7th Cir. 2015) (citations omitted). Still, a complaint "must do more than recite the elements of a cause of action in a conclusory fashion." *Roberts*, 817 F.3d at 565 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint survives a 12(b)(6) motion when the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted). The complaint will be dismissed if it fails to allege sufficient facts to state a claim on which relief may be granted. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018 (7th Cir. 2013).

## ANALYSIS

Mintner claims Milwaukee Tool discriminated against him for his association with Black employees in violation of the Title VII. (ECF No. 1 at 2–3.) He also alleges his termination was in retaliation for reporting Milwaukee Tool's racial discrimination, further violating Title VII. (*Id.*) He requests monetary damages or reinstatement. (*Id.* at 4.) Milwaukee Tool seeks dismissal of both claims on procedural and substantive grounds. Procedurally, Milwaukee Tool argues that Mintner's complaint was not timely filed and that he failed to exhaust his administrative remedies.

(ECF No. 9 at 11–12; ECF No. 12 at 2–4.)  Substantively, Milwaukee Tool contends Mintner has failed to adequately plead his discrimination and retaliation claims.  (ECF No. 9 at 3–11.)  The Court rejects both attacks, and the motion will be denied.

I. **Milwaukee Tool Has Not Identified Any Valid Procedural Barriers to Mintner's Lawsuit.**

Milwaukee Tool first asserts that Mintner's claims must be dismissed because he delayed too long in bringing his contentions to the EEOC.  (ECF No. 9 at 12.)  An employee complaining that an employer violated Title VII must first file a complaint with the EEOC, which then investigates the claim.  *See* 42 U.S.C. § 2000e-5(b).  If the EEOC elects not to pursue a civil action against the alleged violator, it will notify the aggrieved party through a "right to sue" letter, and the aggrieved party may then file a complaint in federal court.  § 2000e-5(f)(1).  A charge for an unlawful employment practice must be filed with the EEOC "within three hundred days after the alleged unlawful employment practice occurred" in cases where "the person aggrieved has initially instituted proceedings with a State or local agency."  *See* § 200e-5(e)(1).

Milwaukee Tool moves to dismiss Mintner's claim for being untimely.  (ECF No. 9 at 11–12.)  It asserts that, "[b]ecause Plaintiff alleges zero facts from which it can be discerned when his administrative charge was filed, it is impossible to know if any of the complained of conduct . . . was the subject of a timely charge."  (ECF No. 9 at 12.)

Milwaukee Tool's argument for dismissal is wrong on at least two levels.  First, Milwaukee Tool confuses an affirmative defense with a defense by motion.  "Dismissing a complaint as untimely at the pleading stage is an unusual step, since a complaint need not anticipate and overcome affirmative defenses, such as the statute of limitations."  *Sidney Hillman Health Ctr. of Rochester v. Abbot Lab'ys, Inc.*, 782 F.3d 922, 928 (7th Cir. 2015) (quoting *Cancer Found., Inc. v. Cerberus Capital Mgmt., LP*, 559 F.3d 671, 674 (7th Cir. 2009)).  Dismissal for a statute of limitations defense is appropriate only "where the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense."  *Id.* (quoting *Chi. Bldg. Design, P.C. v. Mongolian House, Inc.*, 770 F.3d 610, 613–14 (7th Cir. 2014)).  Therefore, Mintner is not required to address the timeliness of his charge with the EEOC at this stage.

Second, Milwaukee Tool's timeliness challenge fails based on items in the record and basic rules of EEOC procedure.  While Mintner's complaint does not include factual allegations about when he filed his charge with the EEOC, he attaches his right to sue letter, which includes much

of the relevant information. (*See* ECF No. 1.) Milwaukee Tool points out that Mintner's complaint alleges he was terminated on November 1, 2021. (ECF No. 12 at 2.) It then counts 300 days from that date and concludes that the deadline for Mintner to file his EEOC complaint expired on Sunday, August 28, 2022. (*Id.*) Because Mintner did not file his EEOC claim until the following day, Monday, August 29, 2022, (ECF No. 11 at 6), Milwaukee Tool insists he acted one day too late, and his claim is untimely. (ECF No. 12 at 2.)

Milwaukee Tool misunderstands the procedural rules. The EEOC's website confirms the commonsense point that when a filing deadline falls on a weekend or holiday, a party has until the next business day to file his or her complaint. *Time Limits for Filing a Charge*, U.S. EEOC, https://www.eeoc.gov/time-limits-filing-charge (last visited September 17, 2024). This concept should be familiar to any federal court litigator; the Federal Rules of Civil Procedure apply the same methodology. *See* Fed. R. Civ. P. 6(a)(1)(C). Moreover, the EEOC did not reject Mintner's complaint as untimely. If it had done so, the EEOC would have closed its investigation and notified Mintner; it would *not* have sent a right to sue letter. *See What You Can Expect After You File a Charge*, U.S. EEOC, https://www.eeoc.gov/what-you-can-expect-after-you-file-charge (last visited September 17, 2024) ("[I]f your charge is untimely . . . we will close the investigation of your charge and notify you."). Milwaukee Tool's suggestion that Mintner should have filed on Sunday, August 28, 2022, when the EEOC would have been closed and contrary to the EEOC's express procedures, (*see* ECF No. 12 at 2), is without merit.

Milwaukee Tool next insists that, because the firing was a discrete event, the Court cannot consider any events that preceded the firing, because those events occurred more than 300 days before Mintner's EEOC complaint. (ECF No. 9 at 11.) This too reflects a misunderstanding of the law. Milwaukee Tool is correct that a "discrete retaliatory or discriminatory act" occurs on the day that it happens and that the time for filing a charge starts ticking at that time. *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 110–11 (2002). Mintner is challenging his termination, and that termination is a discrete act. The clock for filing an EEOC complaint challenging that termination started on the date of the termination. *See Int'l Union of Elec. Workers v. Robbins & Myers, Inc.*, 429 U.S. 229, 234–35 (1976). This does not mean, as Milwaukee Tool suggests, that an employee may not use evidence of actions preceding the termination as background evidence in support of a timely claim. *See Morgan*, 536 U.S. at 113. Mintner's claims were timely presented to the EEOC and Milwaukee Tool's assertions to the contrary are rejected.

Milwaukee Tool also faults Mintner for failing to *affirmatively* plead that he exhausted his administrative remedies. (*See* ECF No. 9 at 2–3.) It cites no law for the proposition that a plaintiff must plead facts showing exhaustion; Milwaukee Tool simply asserts that dismissal is required for this reason in the introduction of its motion to dismiss. (*See id.*) It reiterates the point, (again without legal support), in its reply brief, complaining that Mintner submitted "no factual allegations to demonstrate he exhausted all administrative remedies." (ECF No. 12 at 3.) Minter, for his part, asserts that he did exhaust all administrative remedies, as shown by the Right to Sue letter he attached to the complaint. (*See* ECF No. 11 at 6; *see also* ECF No. 13 at 2.)

Exhaustion of remedies is a doctrine that prohibits a suit from being filed until after an administrative proceeding has occurred; there is no such requirement under Title VII. *Begolli v. Home Depot U.S.A., Inc.*, 701 F.3d 1158, 1160 (7th Cir. 2012) (citing 42 U.S.C. § 2000e-5(e)(1)). Instead, Title VII imposes two procedural preconditions to a federal lawsuit: (1) filing a charge within 300 days after the date of the complained-of employment action in states that have an equal employment opportunity agency, like Wisconsin, and (2) waiting to sue until a Right to Sue letter is received. *See Doe v. Oberweis Dairy*, 456 F.3d 704, 708 (7th Cir. 2006) (citing 42 U.S.C. § 2000e-5(c), (e), (f)(1)). Mintner complied with these requirements. As discussed above, he timely filed his charge with the EEOC. As for the second element, Mintner waited to sue until he received his right to sue letter. (*See* ECF No. 1-1 at 1.) Accordingly, he met all requirements necessary to seek relief in federal court.

**II.     Milwaukee Tool's Substantive Challenges to Mintner's Allegations Do Not Support Dismissal.**

Milwaukee Tool also contends that, procedural issues aside, Mintner's complaint fails to plausibly allege claims for Title VII racial discrimination or retaliation. As explained below, the Court disagrees. Claims have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Because Mintner has done just that, the motion to dismiss must be denied. Whether he can marshal sufficient facts to prove his allegations is for another day.

**A.  Mintner Has Alleged Sufficient Facts to Support a Title VII Racial Discrimination Claim.**

Milwaukee Tool argues that Mintner has failed to state a claim for Title VII racial discrimination because he is complaining about discrimination against Black employees, and he is not Black. (ECF No. 9 at 3.) It contends that the Seventh Circuit does not recognize such

"associational" race discrimination claims, and, even if it did, Mintner has not alleged facts sufficient to show a significant degree of association with his Black coworkers. (*Id.* at 3–6.)

With respect to the first point, Milwaukee Tool cites *Drake v. 3M*, 134 F.3d 878, 884 (7th Cir. 1998), and insists that the Seventh Circuit specifically declined in that case to recognize associational race claims. (ECF No. 9 at 3–4.) Mintner responds (correctly) that the *Drake* court did not definitively rule out associational claims but merely declined to decide the issue. (ECF No. 11 at 2.) In *Drake*, the Court of Appeals declined to address the issue of associational discrimination, because the defendant conceded that an employee could bring such a claim. *See Drake*, 134 F.3d at 884. More importantly, the Seventh Circuit has since stated that "[i]t is now accepted that a person who is discriminated against because of the protected characteristic of one with whom [he] associates is actually being disadvantaged because of [his] own traits." *Hivley v. Ivy Tech Cmty. Coll. of Ind.*, 853 F.3d 339, 348 (7th Cir. 2017).

The Court also rejects Milwaukee Tool's contention that Mintner's allegations are insufficient to state an associational discrimination claim. Mintner does not have a high bar to clear. The Seventh Circuit has emphasized that "the pleading requirement for employment-discrimination claims is minimal. A plaintiff need only identify the type of discrimination, when it occurred, and by whom." *Clark v. L. Off. of Terrence Kennedy, Jr.*, 709 F. App'x 826, 828 (7th Cir. 2017) (citations omitted); *see also Swanson v. Citibank, N.A.*, 614 F.3d 400, 404–05 (7th Cir. 2010). There is no need to consider an objective "degree of association;" the key inquiry is whether the employee has been discriminated against and whether that discrimination was "because of" the employee's race. *Drake*, 134 F.3d at 884. Racial association claims may proceed so long as "the essence of the claim is that the plaintiff would not be suffering the adverse action had his or her . . . race . . . been different." *See Hivley*, 853 F.3d at 349 (emphasis removed).

Mintner alleges that he was told not to socialize with his Black coworkers, he opposed this instruction, and he was subsequently fired for this opposition by his manager. (ECF No. 1 at 2–3.) Applying Seventh Circuit precedent, this is sufficient. Contrary to Milwaukee Tool's suggestion, it does not matter the degree that Mintner associated with his coworkers. Had Mintner been Black, he presumably never would have been told not to socialize with his Black coworkers— meaning, in turn, he could not have opposed the instruction and would not have been terminated. Accordingly, Mintner alleges facts sufficient to state a claim of racial discrimination.

### B. Mintner Has Alleged Sufficient Facts to Support a Title VII Retaliation Claim.

Milwaukee Tool asserts that Mintner has failed to state a claim for Title VII retaliation. Title VII protects parties from retaliation for (1) opposing an unlawful employment practice, or (2) making a charge, testifying, or participating in an investigation, proceeding, or hearing under Title VII. *Crawford v. Metro. Gov't of Nashville & Davidson Cnty.*, 555 U.S. 271, 274 (2009) (quoting 42 U.S.C. § 2000e-3(a)). The first clause is the "opposition clause" and the second clause is the "participation clause." *Id.* Mintner's allegations of protected activity rely upon the opposition clause in that, as a response to him defending his Black coworkers, Milwaukee Tool terminated his employment. (*See* ECF No. 1 at 2–3.) To allege retaliation under Title VII, a plaintiff must allege facts sufficient to show (1) that the plaintiff was engaged in a statutorily protected activity; (2) a materially adverse action was taken by the employer; and (3) a causal connection between the two. *Cervantes v. Ardagh Grp.*, 914 F.3d 560, 566 (7th Cir. 2019) (quoting *Volling v. Kurtz Paramedic Servs., Inc.*, 840 F.3d 378, 383 (7th Cir. 2016)).

Milwaukee Tool argues that Mintner's retaliation claim fails because he has made "zero allegations" that he was engaged in a protected activity. (ECF No. 9 at 7.) It contends that "vague comments to an unidentified supervisor do not constitute opposition to an unlawful employment practice." (*Id.* at 8.) Mintner responds that he alleged facts that he reported discriminatory practices to his manager, indicating explicit opposition to unlawful employment practices; he contends that is enough to state a claim. (ECF No. 11 at 4.)

Under Title VII, it is illegal for an employer to "limit, segregate, or classify his employees . . . in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race . . . ." 42 U.S.C. § 2000e-2(a). A report of discrimination in violation of Title VII to a supervisor is statutorily protected if the report includes a complaint of racial discrimination or sufficient facts to raise that inference. *See Andonissamy v. Hewlett-Packard Co.*, 547 F.3d 841, 851 (7th Cir. 2008). Complaints to supervisors not based on a protected classification, such as race, are not statutorily protected. *See id.*

Milwaukee Tool is again wrong on what the law requires at the pleading stage. Mintner asserts in his complaint that he witnessed managerial staff make derogatory comments about his Black coworkers as well as advise him that he should not socialize with them and, in fact, encouraged him to discipline them. (ECF No. 1 at 2.) Mintner responded to these actions by

informing his manager that the instructions were inappropriate. (*Id.* at 3.) Mintner's complaint to his supervisor was based on alleged racial discrimination in the workplace, making his actions statutorily protected under *Andonissamy*.

Milwaukee Tool insists that Mintner's allegations concerning the statements he made to his manager are insufficient because (1) Mintner did not identify the manager, (2) he did not tell his manager that the instruction not to socialize with his Black workers was illegal, and (3) Mintner did not assert that his manager was aware of or part of the instruction not to socialize with Mintner's Black coworkers. (ECF No. 9 at 8–9.) But Milwaukee Tool cites no case law suggesting that a Title VII retaliation plaintiff must plead such detailed facts to state a claim, and the Court has not found any law suggesting such a pleading standard.

Milwaukee Tool is on slightly better legal footing in arguing that Mintner cannot claim Title VII retaliation unless he pleads facts sufficient to show that Milwaukee Tool had knowledge of his protected activity. (*See id.*) To state a claim for retaliation under Title VII, a party must allege that a retaliatory motive "was a 'but-for cause of the challenged employment action.'" *Lesiv v. Ill. Cent. R.R. Co.*, 39 F.4th 903, 915 (7th Cir. 2022) (quoting *Gracia v. SigmaTron Int'l, Inc.*, 842 F.3d 1010, 1019 (7th Cir. 2016)). "This requires [allegations] that the unlawful retaliation would not have occurred in the absence of the alleged wrongful action or actions of the employer." *Id.* (quoting *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 360 (2013)).

Mintner responds that the timing of his report of discrimination in conjunction with his termination are enough to show that his complaint of discrimination caused his termination. (ECF No. 11 at 4.) He notes that he alleged that he engaged in statutorily protected activity in mid-October 2021, and was subsequently discharged on November 1, 2021. (ECF No. 3.) These are sufficient allegations for the Court to plausibly infer causation. The facts alleged suggest that, but-for his complaints of discrimination, Mintner would not have been terminated. That meets Mintner's burden at this stage of the case. Milwaukee Tool seems to assume that the summary judgment standard applies to its motion to dismiss. It cites *Lesiv* to support is contentions; a case that was resolved at summary judgment, not on a motion to dismiss. *See* 39 F.4th at 916 ("Lesiv cannot meet his burden on causation to survive *summary judgment* because he cannot offer evidence of knowledge on the part of his supervisors.") (emphasis added). This Court does not "require evidence at the pleading stage." *See Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 828 (7th Cir. 2014).

Milwaukee Tool's argument that timing alone is insufficient to support a causal link fails for the same reason. Timing alone is insufficient at the *summary judgment* phase. *See id.* At the motion to dismiss phase, a retaliation claim will only fail if it is "so bare-bones" that "any causal connection between [the protected activity and the alleged retaliation is] implausible." *Id.* That is not the case here. Accordingly, Mintner has pled facts sufficient to support a Title VII retaliation claim.

## CONCLUSION

For the reasons given above, **IT IS HEREBY ORDERED** that Defendants' motion to dismiss, (ECF No. 8), is **DENIED.**

Dated at Milwaukee, Wisconsin on September 25, 2024.

                                                                           s/ *Brett H. Ludwig*
                                                                           BRETT H. LUDWIG
                                                                           United States District Judge